**SO ORDERED.**

**SIGNED this 03 day of August, 2007.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Rhino Express Delivery, LLC** | ) | **No. 04-17748** |
| | ) | **Chapter 7** |
| Debtor | ) | |

### MEMORANDUM

This case is before the court on an objection by Hamilton County, Tennessee (the "County") to the trustee's final report, and a response to that objection filed by the Internal Revenue Service (the "IRS").[1] For the reasons set forth below, the court will sustain the County's objection to the trustee's final report.

---

[1] The trustee did not respond to the County's objection, but did join in an agreed order waiving oral argument and consenting to the resolution of this matter based solely on the objection and the IRS's response.

-1-

The final report, which the United States Trustee reviewed and approved, indicates that the trustee proposes to distribute the funds of the estate ($12,566.27) first to the payment of his fees and expenses. Thereafter he will have remaining a balance of $9,991.72 with which he proposes to pay a 4.2% dividend on the "secured/priority" claims of the County and the IRS. Specifically, the County would receive $80.20 on the $1,910.82 claim set forth in proof of claim no. 18-1 and $752.55 on the $17,930.62 claim set forth in proof of claim no. 69-1; and the IRS would receive $9,158.97 on the $218,224.89 secured portion of the claim set forth in proof of claim no. 54-1.[2] However, proof of claim no. 18-1 was amended and superseded by proofs of claim nos. 52-1, 69-1, 69-2, 69-3, and 69-4.[3] Thus, nothing should be distributed on account of proof of claim no. 18-1 or no. 69-1.

The County's proof of claim no. 69-4, amounting to $20,323.62, asserts that $8,747.62 of the total amount of the claim constitutes a prepetition secured claim and that the remaining $11,576.00 of that amount constitutes a secured claim and a chapter 11 administrative expense because, as the supporting documentation shows, the claim is for 2005, and hence postpetition, county taxes.

In its response to the County's objection, the IRS contends that the County has not technically filed a request for payment of an administrative expense. On Official Form 10, block 2,

---

[2] Proof of claim no. 54-1, which amends and supersedes proof of claim no. 5-1, also asserts an unsecured prepetition priority claim of $47,344.91 and an unsecured nonpriority claim of $10,943.40. It appears that none of the tax obligations listed in the attachment to the proof of claim were incurred after the commencement of the debtor's chapter 11 case, and the IRS has not filed a separate request for payment of an administrative expense.

[3] In its objection to the trustee's report, the County points out that the debt described in proof of claim no. 18 has been satisfied and the proof of claim should be deemed withdrawn.

which asks for the date on which the debt was incurred, the County's claim is described as being for "2004 *and 2005 administrative*" (emphasis added). The required supporting documentation attached to the proof of claim clearly states that $11,576.00 of the claim is for "2005 Administrative expense," and a copy of the County's tax bill itself shows that the tax of $11,576.00 was incurred in 2005, i.e., postpetition.

Nonetheless, the IRS argues that the proof of claim is ineffective to assert an administrative expense claim because the claim was not asserted in a "request for payment" as provided by 11 U.S.C. § 503(a).  Most of the courts that have considered this very question have concluded that a proof of claim that clearly presents an administrative expense claim may be treated as a request for payment under § 503(a), at least where no prejudice is shown. *E.g.*, *In re Fas Mart Convenience Stores, Inc.*, 320 B.R. 587, 593-94 (Bankr. E.D. Va. 2004) (citing *In re Sage Richmond, LLC*, 385 B.R. 364, 365-66 (Bankr. E.D. Va. 2002)); *In re Packard Props., Ltd.*, 118 B.R. 61, 63 (Bankr. N.D. Tex. 1990) (treating a proof of claim as a § 503 request for payment where the trustee had not objected); In *re FAMCO, Inc.*, No. 99-51952C-11W, 2001 WL 1700023, at *2 n.4 (Bankr. M.D.N.C. Apr. 2, 2001); *see In re Cardinal Indus., Inc.*, 157 B.R. 838, 841 (Bankr. S.D. Ohio 1992) ("In the interests of judicial economy, the Court will consider [the creditor]'s claim as a formal request for an administrative expense."); *see also In re Toms*, 229 B.R. 646, 655 (Bankr. E.D. Pa. 1999) (suggesting that, because Federal Rules of Bankruptcy Procedure do not prescribe form of request for payment of administrative expense, request may be made in proof of claim). It does appear that filing a proof of claim instead of a request for payment of administrative expenses is a poor practice that can lead to needless litigation, such as this. Yet, on the authorities mentioned above, the court will construe the proof of claim in ques-

tion as a request for payment under § 503(a) because it believes that the proof of claim gave adequate notice that it was also a claim for administrative expenses and because no party in interest has claimed to have been prejudiced in any way by the technically improper procedure.

The IRS also argues that the County should not be paid an administrative expense in this case because both claimants' claims are for taxes, both are secured by tax liens, and the IRS's lien is first in time. That would be the case outside bankruptcy, but § 724(b)(2) of the Bankruptcy Code, as it existed prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,[4] subordinates tax liens to administrative expenses, priority wage claims, and certain other claims mentioned in the statute. The tax lien is specifically subordinated to the holder of any claim specified in § 507(a)(1), which pertains to administrative expenses allowed under § 503(b), and § 503(b) in turn allows administrative expenses, specifically including taxes. Thus, because the County's taxes are postpetition administrative expenses of the estate, they have priority over the IRS's tax claims. *See United States v. Darnell (In re Darnell)*, 834 F.2d 1263, 1266-67 (6th Cir. 1987). As this court has explained:

> The statute itself is not ambiguous, but there is a question about when it is meant to operate, i.e., before or after unencumbered assets are spent on administrative expenses. A resort to the legislative history of § 724(b) reveals that the section "subordinates tax liens to administrative expense and wage claims . . . ." It is designed to allow priority claimants holding claims defined in 11 U.S.C. 507(a)(1)-(7) to "step into the shoes of the tax collector." Other portions of the legislative history state that the effect of § 724(b) is that "a tax claim secured by a lien is treated as a claim between the fifth and sixth priority in a case under chapter 7 rather than as a secured claim." The legislative history details very well how the statute operates, but it says nothing about when the statute is triggered and

---

[4] BAPCPA's amendment to § 724(b), Pub. L. No. 109-8, § 701, 119 Stat. 23, 124, is effective only in cases commenced on or after October 17, 2005, *id.* § 1501(a), (b)(1), 119 Stat. at 216, and this case was commenced well prior to that date.

> gives no clue as to whether its operation is conditional upon some other state of affairs.
>
> The court must conclude that the legislative history of this statute does not resolve the problem at hand. Under such circumstances, a court should adhere to the statute and enforce it as written, provided that the result produced is not unreasonable. The statute itself is unequivocal and contains no provision limiting its operation to situations in which unencumbered funds are insufficient to pay administrative expenses. If Congress had meant to trigger the statute's operation only when other funds were unavailable to pay expenses, then surely it would have said so. That kind of condition precedent is too obvious to have been merely overlooked. Accordingly, the court holds that 11 U.S.C. § 724(b) operates automatically and without conditions precedent. The trustee may therefore pay administrative expenses from assets subject to IRS' lien in accordance with 11 U.S.C. § 724(b) without first expending the existing unencumbered assets of the estate.

*In re Se. R.R. Contractors, Inc.*, 235 B.R. 619, 625 (Bankr. E.D. Tenn. 1996). Thus, the court in *Southeast Railroad Contractors* held that administrative expenses may be paid from assets subject to IRS' tax liens without first using the unencumbered assets of the estate to pay those expenses.

A portion of the County's claim is asserted as an administrative expense claim, as are at least four (and probably six, and perhaps even more) other claims.[5] Under § 724(b), all of those claims (to the extent allowable as priority claims) must be paid in full before any distribution

---

[5] The trustee's final report lists four additional unpaid chapter 11 administrative expenses totaling $2,232.48, but provides for no distributions on account of any of those claims. The claims are $126.08 owed to the Tennessee Department of Labor – Uninsured Employers fund, $1,366.00 owed to the Tennessee Department of Revenue, $240.40 owed to the Tennessee Department of Revenue, and $500.00 owed to the United States Trustee. In addition, not listed in the report as chapter 11 administrative expenses but apparently asserted as such are a $938.22 claim of Electric Power Board of Chattanooga and an $856.88 claim of BellSouth Telecommunications, Inc. Again, the trustee does not propose to make any distributions on account of either of those claims. The court also notes that, although it does not appear that the funds of the estate are sufficient even to satisfy all administrative expenses, at least three proofs of claim have been filed that assert priority wage claims. The court has not examined all proofs of claim, so there may be others that assert priority claims.

may be made on tax liens. Because the total amount of administrative expenses claimed in this case – indeed, the County's administrative expense claim alone – is well in excess of the $10,000 or so available for distribution thereon, the court finds and concludes that the funds must be pro-rated among the administrative creditors, *see* 11 U.S.C. § 724(c), and that the IRS is entitled to receive nothing on account of its secured, non-administrative-expense claim.

For the foregoing reasons, the court will enter a separate order sustaining the County's objection to the trustee's final report.

###