**SO ORDERED.**

**SIGNED this 20 day of August, 2007.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____


**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Rhino Express Delivery, LLC** | ) | **No. 04-17748** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |

**MEMORANDUM**

This case is before the court on the motion of a creditor, the Internal Revenue Service, requesting an extension of time within which to file a notice of appeal. The IRS has filed this motion because it failed to timely appeal this court's order of August 3, 2007. According to the declaration of Daniel J. Healy, a trial attorney in the Tax Division of the Department of Justice, he was responsible for filing the notice of appeal in this case but failed to do so because he was busy with another case. He avers that he had to travel to Houston, Texas, on August 13, 2007, and that he was there

on August 14, 2007, the last day on which the notice of appeal could have been filed in the case at bar. He returned to his office on August 15, 2007, and prepared the instant motion.

As many other courts have noted, the analysis of excusable neglect, which is the central concept of Fed. R. Bankr. P. 8002(c), is made according to the rules set out in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993). *Allied Domecq Retailing USA v. Schultz (In re Schultz)*, 254 B.R. 149, 153 (B.A.P. 6th Cir. 2000); *In re Nickels Performance Sys., Inc.,* 169 B.R. 647, 650 (Bankr. E.D. Tenn. 1994). Although *Pioneer Investment* dealt with Fed. R. Bankr. P. 9006(b), courts have uniformly held that its analysis of what constitutes "excusable neglect" should be applied as well to Rule 8002(c). *Id.* Applying that standard, the court must deny the request for an extension of time to file the notice of appeal.

The IRS relies solely on *In re Schultz*, 254 B.R. 149, in which the Bankruptcy Appellate Panel of the Sixth Circuit reversed a bankruptcy court's determination that an extension of time for filing a notice of appeal was inappropriate. The Panel first referred to a long line of approved cases in this circuit that it described as "law office upheaval" cases, stating that "courts have consistently held that '[c]lerical or office problems are simply not a sufficient excuse for failing to file a notice of appeal within the 10 day period.'" *Id.* at 153 (quoting *Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 268 (B.A.P.6th Cir. 2000)). The Panel then distinguished the case before it on the grounds that the desperate illness of the attorney's wife and his status as a sole practitioner and sole care giver made the case more like those in which a serious illness prevented the attorney from filing a notice of appeal or taking other necessary action himself. "Because of the severity of the illness at issue and the close familial relationship between a husband and wife, the facts of this case are analogous

2

to a situation in which the attorney is the one who is seriously ill." *Id.* at 154. Thus, the Panel found something more in the case than appears in the usual "office upheaval" case.

There is no similarity between the facts in *Schultz* and those in the case at bar. Mr. Healy was not ill, or giving necessary care to one who was, and his situation more closely aligns with that of the lawyers in the numerous "law office upheaval" cases cited by the Panel that do not excuse inaction based on counsel's heavy workload, *In re Mizisin*, 165 B.R. 834, 835 (Bankr. N.D. Ohio 1994), or his preoccupation with other litigation, *In re GF Corp.,* 127 B.R. 382, 383 (Bankr. N.D. Ohio 1991) ("Nonetheless, courts have specifically held that an attorney's preoccupation with other litigation cannot constitute excusable neglect.").

Although the IRS's motion has not addressed any of the other factors material to the *Pioneer* analysis, the court can posit that granting the instant motion would cause little prejudice to any other interested party and that the late filing of a notice of appeal would minimally impact these judicial proceedings. Moreover, there is no indication that counsel has acted in bad faith. Yet none of these factors bear on the crucial issue in this case, which is the validity of counsel's proffered excuse. Here, as in *In re Nickels Performance Systems*, 169 B.R. at 651-52, the proffered explanation amounts to no explanation. Nowhere does counsel explain to the court why he could not have attended to the filing of a notice of appeal from August 4 through August 12, when he was apparently not traveling and was therefore in his home office. In this day of electronic filing, preparing and filing a notice of appeal would have taken only minutes. *See In re Nat'l Century Fin. Enters., Inc.*, No. 2:06-cv-883, 2007 WL 912216, at *5 (S.D. Ohio, Mar. 23, 2007) (noting "the simplistic nature of filing the notice of appeal" and denying an extension of time where counsel's excuse was that he

was distracted by the complexity of the issues on appeal). He does not explain why someone else in his office could not have taken the time to file the notice. Thus, there is neglect, but no plausible excuse. As the court put it in *Nickels*: "For the court to find excusable neglect under the facts of this case, it would be required to remove the term 'excusable' from the equation." *Id.* at 652.

Precedent runs strongly against the IRS in this case, and the court can perceive no reason to depart from it. Counsel has offered no excuse for his inaction other than that he was too busy with another case to attend to this one, and even then his declaration shows that he had ample time within which to execute the simple act required. Thus, his excuse is not acceptable, and for this reason the court will deny the IRS's motion to extend time within which to appeal.

# # #